Alan K. Nicolette, Esq. State Bar No. 118038
Francis P. Papica, Esq. State Bar No. 158800
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 The City Drive South, Suite 3000
Orange, California 92868
(714) 750-1010
(714) 750-0786 FAX
nsnjlaw@aol.com

Attorneys for Plaintiffs
ALMA YOLANDA MARCIAL, individually
JAIME A. GARCIA, individually

FILED
07 NOV -5 AM 9:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA YOLANDA MARCIAL, individually; JAIME A. GARCIA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, NEIGHBORHOOD HEALTHCARE, DANIEL HARRISON, M.D., and MOHAMMAD IMANDOUST, M.D.<br><br>Defendants. | '07 CV 2109 JM POR<br>CASE NO.<br><br>COMPLAINT FOR PROFESSIONAL NEGLIGENCE |

Plaintiffs ALMA YOLANDA MARCIA, individually and JAIME A. GARCIA, individually, alleges against the defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1. This action arises under the Federal Tort Claims Acts, 28 U.S.C. section 1346(b), 2671, *et. seq.* and 42 U.S.C. section 233(g)-(n) as hereinafter more fully appears.

2. Plaintiffs are informed and believe and thereon allege that at all times



ORIGINAL

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

herein mentioned and material thereto, defendants, NEIGHBORHOOD HEALTHCARE and its physicians, DANIEL HARRISON, M.D. and MOHAMMAD IMANDOUST, M.D., pursuant to the Federally Supported Health centers Assistance Act, 42 U.S.C. section 233(g)-(n), were, and continue to be, employees of the Public Health Service for purposes of the Federal Tort Claims Act (FTCA), 28 U.S.C. section 1346(b), 2671 *et seq.*

3. Defendants HARRISON and IMANDOUST were acting within the course and scope of their employment at Neighborhood Healthcare with respect to the events giving rise to the complaint.

4. Pursuant to 42 U.S.C. section 233(g)(a)(A), claims against Dr. Harrison and Dr. Imandoust may be brought exclusively against the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C. section 2671 *et seq*.

5. On or about May 3, 2007, plaintiffs presented a claim to the appropriate federal agency for the injuries, disability, losses and damages suffered and incurred by plaintiffs by reason of the occurrence described below, all in compliance with the requirements of Section 2675 of the Federal Tort Claims Act. A copy of the claim is attached hereto as EXHIBIT A and incorporated as part hereof.

6. Pursuant to the applicable code sections, a claim is deemed rejected based on the failure of an agency to make final disposition of a claim within six months after it is filed. The claim is deemed rejected on or about November 3, 2007. Plaintiffs therefore, file the instant complaint.

7. Plaintiffs bring this action on their own behalf as heirs of NATALIE GARCIA, as defined in Section 377 et seq. of the *Code of Civil Procedure*. Plaintiffs are the parents of NATALIE GARCIA and as such surviving heirs of NATALIE GARCIA.

8. That at all times mentioned in this Complaint, "decedent" and/or "plaintiff's decedent" refers to NATALIE GARCIA.

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, and BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, and BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

9. At all times herein mentioned defendants, DANIEL HARRISON, M.D., individually and MOHAMMAD IMANDOUST, M.D. were physicians and surgeons licensed to practice medicine and perform surgery under the laws of the State of California and were engaged in the practice of medicine in San Diego, California.

**FIRST CAUSE OF ACTION**

**WRONGFUL DEATH**

10. Plaintiffs reallege and incorporate herein by reference as though fully set forth at length, all of the allegations contained in paragraph 1 through 11, above.

11. On or about April 29, 2005, plaintiffs' decedent, NATALIE GARCIA sought and underwent medical care and treatment from defendants, DANIEL HARRISON, M.D., and MOHAMAD IMANDOUST, M.D. at , PALOMAR POMERADO HEALTH SYSTEM; PALOMAR MEDICAL CENTER and PALOMAR POMERADO HEALTH. While at the hospital, plaintiffs' decedent was seen by DANIEL HARRISON, M.D., MOHAMAD IMANDOUST, M.D., RACHEL A. CHRISTIAN, PA-C, MARK J. SPIRO, M.D., NABIL FATA YERJI, M.D., BERNADETTE McKINNEY, RN, WENDY LEVIN, RN, SHEILA DOUGLAS, RN, and SARAH CURTIS, RN At that time, she employed the defendants to perform examination and/or diagnosis and/or otherwise render medical care. Pursuant to this employment, defendants undertook to diagnose, treat and care for plaintiff.

12. At said time and place, plaintiffs' decedent presented with redness and hardening around the umbilicus.

13. At the time of her examination by defendants, and each them, defendants negligently failed to exercise a proper degree of knowledge and skill in examining, diagnosing, treating and caring for the plaintiffs' decedent as hereinafter described resulting in her untimely death.

14. As a result of defendants' failure in exercising a proper degree of

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, and BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

knowledge and skill in examining, diagnosing, treating and caring for the plaintiffs' decedent expired as a result of omphalitis; sepsis and intracranial hemorrhage.

15. All of the defendants and each of them, negligently, wantonly, recklessly, purposely and unlawfully

(a) examined, tested, cared for, treated, advised, supervised, handled, operated on and managed the plaintiffs' decedent;

(b) managed, maintained, operated, supervised and controlled the hospital, its staff and equipment;

(c) provided hospital and nursing and care to the patient;

(d) failed to inform, explain, warn, and advise the plaintiff of the dangerous hazards, risks, and complications of the various medical procedures, care and treatment to be performed.

(e) failed to guard and protect this patient;

(f) withheld from plaintiff's decedent, facts and information necessary to enable to perform an intelligent, free, reasonable consent to the procedures, care, and treatment which facts and information plaintiffs' decedent was unaware of;

(g) conducted themselves with reference to plaintiffs' decedent as to cause, permit and allow this patients' decedent to suffer medical harm and damages as hereinafter alleged.

16. At all times herein mentioned, plaintiffs' decedent, was in the exclusive control of defendants, and each of them, and at no time prior to the events, conduct, activities, care and treatment herein complained of by plaintiffs' decedent to the defendants, or any of them, obtained knowledgeable and conformed consent for the care, treatment, or conduct prior to initiation of, or performance of such care, treatment, procedure, or conduct and no opportunity was afforded to plaintiffs' decedent, or any authorized agent of plaintiffs' decedent to exercise voluntary comment, knowledge, or informed consent to said care, treatment, procedure or

conduct.

17. That by caring for and providing medical and general care for the plaintiffs' decedent, the defendants and each of them, so negligently and carelessly examined, diagnosed, treated, cared for, operated, tested, and furnished aids and materials and otherwise provided medical services so as to directly and proximately cause plaintiffs' decedent to suffer harm and damage resulting in her untimely death.

18. As a direct and proximate result of the above described negligence of defendants, and each of them, and of the death of the decedent, plaintiffs sustained pecuniary loss resulting from the loss of society, comfort, companionship, affection, attention, services, love, protection and support of decedent, all to plaintiffs' damages in a sum within the jurisdiction of the court in an amount to be determined according to proof. Plaintiffs and decedent had been loving and devoted to the family, all to plaintiffs' loss and general damages in a sum in excess of the minimum jurisdictional limits of the court.

19. As a further proximate result of the negligence of the defendants, as herein alleged and of the death of the decedent, plaintiffs have incurred funeral and burial expenses in the sum which is the reasonable value of services.

**SECOND CAUSE OF ACTION**

**SURVIVAL ACTION**

20. Plaintiffs reallege and incorporate herein by reference as though fully set forth at length all of the allegations contained in paragraphs 1 through 19, above.

21. As a proximate result of defendants' conduct and each of them, plaintiffs' decedent sustained serious injuries and damages at the scene thereafter, compromising her physical and mental health resulting in her untimely death.

22. As a further proximately result of the negligence of the defendants as herein alleged, the decedent incurred medical treatment and related expenses prior

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, and BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, and BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

to her death in the sum in excess of the minimum jurisdictional limit of this court all to plaintiffs' loss and damages.

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as follows:

1. For loss of financial support and contribution from decedent in an amount to be shown according to proof at the time of trial;

2. For all expenses incurred in the care, protection, transportation and delivery of decedent's body for funeral and for funeral and burial expenses according to proof;

3. For loss of services, love, society, care, aid, comfort, companionship and affection of decedent, in a sum in excess of the jurisdictional minimum of this court;

4. For expenditures of all medical care, treatment and services in connection with decedent's injuries, a sum to be determined according to proof at time of trial as to the Second Cause of action only;

5. Medical and incidental expenses incurred and to be incurred according to proof as to the Second Cause of Action, only

6. For prejudgment interest pursuant to Civil Code Section 3291, according to proof;

7. For pecuniary damages in an amount to be ascertained;

8. For costs of suit incurred herein; and

9. For any other relief as the court deems just.

**Plaintiffs hereby demand a trial by jury.**

**In this claim, Plaintiffs made a monetary demand of $2,000,000.00**

Dated: October 17, 2007

NORDSTROM, STEELE, NICOLETTE AND BLYTHE

By:____________________
Alan K. Nicolette
Francis P. Papica
Attorneys for Plaintiffs
ALMA YOLANDA MARCIAL
JAIME A. GARCIA

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, and BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Department of Health & Human Services<br>**Bureau of Primary Health Care** | Alma Yolanda Marcial, 682 Roosevelt Street, Escondido, CA 92027<br>Nordstrom, Steele, Nicolette and Blythe, 17542 E. 17th Street #250, Tustin CA 92780 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 12-13-73 | unmarried | 05-10-05 | 2017 PM |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

(PLEASE SEE ATTACHEMNT)

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

NOT APPLICABLE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

PLEASE SEE ATTACHMENT

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| PLEASE SEE ATTACHED | PLEASE SEE ATTACHED |

12. (See instructions on reverse.) **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| NOT APPLICABLE | NOT APPLICABLE | $2,500,000.00 | $2,500,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| Alma Yolanda Marcial | (760) 746-2866 | 05-02-07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109 NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

COPY

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NOT APPLICABLE

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NOT APPLICABLE

17. If deductible, state amount.

NOT APPLICABLE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

NOT APPLICABLE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NOT APPLICABLE

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Department of Health & Human Services<br>**Bureau of Primary Health Care** | Jaime A. Garcia, 682 Roosevelt Street, Escondido, CA 92027<br>Nordstrom, Steele, Nicolette and Blythe, 17542 E. 17th Street #250, Tustin CA 92780 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 09-26-1965 | unmarried | 05-10-05 | 2017 PM |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

(PLEASE SEE ATTACHEMNT)

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

NOT APPLICABLE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

PLEASE SEE ATTACHMENT

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| PLEASE SEE ATTACHED | PLEASE SEE ATTACHED |

12. (See instructions on reverse.) **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| NOT APPLICABLE | NOT APPLICABLE | $2,500,000.00 | $2,500,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| Jaime Garcia | (760) 746-2866 | 05-02-07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109 NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

COPY

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NOT APPLICABLE

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NOT APPLICABLE

17. If deductible, state amount.

NOT APPLICABLE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

NOT APPLICABLE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NOT APPLICABLE

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**IN RE FEDERAL TORT CLAIM ACT FILED ON BEHALF OF THE NATURAL PARENTS, ALMA YOLANDA MARCIAL and JAIME A. GARCIA AS A RESULT OF THEIR DAUGHTER, NATALIE GARCIA**

**RESPONSE NUMBER 8 BASIS OF CLAIM**

**RESPONSE NUMBER 10: NATURE AND EXTENT OF EACH INJURY**

The basis of this claim is medical negligence of medical providers, including, but not limited to, Daniel Harrison, M.D., Mohammad Imandoust, M.D. and Neighborhood Healthcare Center for Women's Health, for the care and treatment provided to Natalie Garcia, resulting in her untimely death on May 10, 2005. According to the Coroner's Report, Natalie Garcia's cause of death is (1) intracranial hemorrhage; (2) sepsis and (3) omphalitis - cu. (Please refer to attached EXHIBIT A).

It is claimants' contention that the medical providers, including, but not limited to DANIEL HARRISON, M.D., MOHAMMAD IMANDOUST, M.D., and NEIGHBORHOOD HEALTHCARE CENTER FOR WOMEN'S HEALTH, failed to use the level of skill, knowledge, and care in diagnosis and treatment of decedent Natalie Garcia that other reasonably careful medical practitioners would use in the same or similar circumstances. It is further claimants' contention that the failure to exercise the level of medical skill, knowledge, and care in the diagnosis and treatment of decedent Natalie Garcia was a substantial factor in bringing about her untimely death.

More specifically, on April 19, 2005, ALMA MARCIAL delivered her baby NATALIE GARCIA via C-section at Palomar Medical Center. Mother and daughter were discharged home on April 21, 2005. On April 26, 2005, Natalie Garcia underwent a well baby examination at Centro Medico Latino. On April 29, 2005 at approximately 10:00 AM, a nurse from Palomar Medical Center visited the home of ALMA MARCIAL for a routine home check up. At the time of the home check up, the nurse noted "redness" around the umbilical cord. After the examination, the nurse advised ALMA MARCIAL to take Natalie to the emergency room at Palomar Medical Center in order to



NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

have the "redness" and "little infection" around the umbilicus checked out. Shortly thereafter, ALMA MARCIAL drove Natalie to the hospital arriving at the emergency room at Palomar Medical Center at between 11:00 AM and 12:00 PM. Redness around the umbilicus and over the entire lower abdomen were noted. Hardness of the abdomen was also noted on examination with pain upon palpation. Natalie also had a low grade fever and increased white blood count. History indicated that the "redness" was noticed by the mother one day prior. An assessment of periumbilical cellulitis and possible inferior umbilical abscess was rendered.

DANIEL HARRISON, M.D. as the admitting physician, had the duty to provide adequate orders and instructions and insure proper observation and assessment throughout the hospital course, himself as well as through the agents and/or employees of the medical facility, and failed to do so. Also, the failure to exercise the level of medical skill, knowledge, and care in the diagnosis and treatment of decedent Natalie Garcia was a substantial factor in bringing about her untimely death. Further, MOHAMMAD IMANDOUST, M.D., the on-call physician present at the hospital, failed to provide adequately examine, diagnose, and treat the decedent. Further, Dr. Imandoust failed to provide adequate orders and instructions and insure proper observation and assessment throughout the hospital course, himself as well as through the agents and/or employees of the medical facility, and failed to do so.

Alma Yolanda Marcial received pre-natal care at NEIGHBORHOOD HEALTHCARE CENTER FOR WOMEN'S HEALTH. It is claimants' contention that NEIGHBORHOOD CENTER FOR WOMEN'S HEALTH failed to follow-up the claimants and further failed to insure proper observation and assessment of Alma Yolanda Marcial and Natalie Garcia throughout her pregnancy and post delivery.

Claimants contend that despite the findings upon examination in the emergency room, there was a significant delay in rendering appropriate treatment including, but not limited to, the administering of antibiotics. No antibiotics were administered during the hours that Natalie lay in the emergency room before being admitted to the hospital

pediatrics floor. There was additional delay in the administration of the appropriate treatment even after her arrival on the pediatrics floor.

Natalie was admitted to the pediatric floor observation and assessment. The medical personnel responsible for the observation and assessment of Natalie failed to exercise the level of skill, knowledge, and care in their observation and assessment of Natalie's condition that other reasonably careful medical practitioners would use in the same or similar circumstances. Throughout the night on the pediatrics floor, Natalie's condition deteriorated. The medical personnel failed to notify the physician of the baby's worsening status throughout the night.

Despite the worsening condition, there was significant delay in ordering the transfer and making the transfer to Children's Hospital.

Upon transfer and arrival at Children's Hospital, Natalie was admitted with 36 hours of progressive periumbilical erythema. Physical examination revealed significant discomfort with markedly inflamed abdomen, with the area immediately around the umbilicus being mottled, and brawny edema down onto the labia. Her white blood cell count was 31,000 with positive blood cultures. Natalie was taken emergently to the operating room. Despite surgery, Natalie died on May 10, 2005.

It is claimants' information and belief that NEIGHBORHOOD HEALTHCARE CENTER FOR WOMEN'S HEALTH was a federally funded community health center in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA). It is further claimants' information and belief that DANIEL HARRISON, M.D. and MOHAMMAD IMANDOUST, M.D. were employees, agents and/or contractors of NEIGHBORHOOD HEALTHCARE CENTER FOR WOMEN'S HEALTH, and as such, deemed to be employees of the Public Health Service under 42 U.S.C. section 233(g)(1)(A).

Claimants file this claim for the wrongful death of their daughter as well as a survival cause of action.

Claimants claim the following economic damages:

NORDSTROM STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

The value of the financial support, if any, that Natalie would have contributed to the family during the life expectancy that she had before her death or the life expectancy of her parents, whichever is shorter.

The loss of gifts or benefits that claimants could have expected to receive from Natalie.

Funeral and burial expenses; and

The amount paid, and reasonably certain to be paid in the future, to obtain household services that Natalie would have provided.

Claimants also claim the following noneconomic damages: The loss of Natalie's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

**RESPONSE NUMBER 11: WITNESSES**

1. Rachel A. Christian, PA-C
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

2. Mark J. Spiro, M.D.
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

3. Nabil Fata Yerji, M.D.
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

4. Christine M. Bauer, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

5. Bernadette McKinney, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

6. Wendy Levin, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

7. Sheila Douglas, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

8. Sarah Curtis, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

9. Tricia Delgado, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

10. Myria Fabrizio, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

11. Timothy L Feng, M.D.
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

12. Teresa Ann Garcia, RPH
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

13. Nadine Jaffe, MSW
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

14. Marsha John, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

15. Wendy Levin, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

16. Laura Lindsay, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

17. Daniel Macksood, MD
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

18. Bernadette McKinney, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

19. Michele Primus, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

20. Rosa Guadalupe Serna, LVN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

21. Anne Smith, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

22. Rachel Ann Wegner, LVN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

23. Chris Blabac, LVN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

24. Lavonne Cochran, RN
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

25. Kelly A. Wyfeels
Palomar Pomerado Health
15266 Innovation Drive
San Diego, CA 92128

26. Michael Santiago (760) 845-6825;

27. Lupe Sanches (760) 439-6533;

28. Veronica Marcial (760) 802-3407;

29. Roberto Marcial (760) 802-2357;

30. Miky (760) 781-3002;

31. Norma Partida (951) 442-2918;

32. Sugei Mota (760) 586-6590;

33. Rosalva Morales (951) 298-5333;

NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

34. Eva Morales (951) 298-5333;

35. Janet Santiago (760) 877-5536;

36. Emily Marcial (760) 505-1775.

NORDSTROM, STEELE, NICOLETTE AND BLYTHE
770 THE CITY DRIVE SOUTH
SUITE 3000
ORANGE, CALIFORNIA 92868
(714) 750-1010

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE, AND BLYTHE
17542 East Seventeenth Street #250
Tustin, CA 92780
(714) 750-1010

PROOF OF SERVICE BY U.S.MAIL/FEDEX

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 17542 E. 17th St., #250, Tustin, CA 92780.

On March 2, 2007, I served the within **CLAIM FOR DAMAGE, INJURY, OR DEATH** on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Tustin, California, addressed as follows:

Department of Health and Human Services (SENT FEDEX)
Office of the General Counsel
General law Division
Claims Office
330 Independence Ave., SW
Room 4256, Wibur J Cohen Federal Building
Washington, DC 20201
(202) 205-5995

Torts Branch, Civil Division (SENT U.S. MAIL EXPRESS)
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146

Executed on March 2, 2007, at Orange, California.

I declare, under penalty of perjury, that the foregoing is true and correct.

Patricia A. Pallares-Castro

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**
ALMA YOLANDA MARCIAL, individually; JAIME A. GARCIA, individually,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF SOUTHERN San Diego
EXCEPT IN U.S. PLAINTIFF CASES

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
NORDSTROM, STEELE, NICOLETTE AND BLYTH
17542 East 17th Street
Suite 250
Tustin, CA 92780 e-mail: nsnjlaw@aol
(714) 750-1010 (714) 750-0786 FAX

**DEFENDANTS**
UNITED STATES OF AMERICA, NEIGHBORHOOD HEALTHCARE, DANIEL HARRISON, M.D., and MOHAMMAD IMANDOUST, M.D.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT SAN DIEGO

FILED
07 NOV -5 AM 8: 53
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY POR DEPUTY

ATTORNEYS (IF KNOWN)

'07 CV 2109 JM POR

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN *(PLACE AN x IN ONE BOX ONLY)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 2,000,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:** [X] YES [ ] NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Medical Negligence Federal Tort Claims Act 258USC Section 134,2671 & Federally Supported Health Center Assistance Act 42 USC Section 233

## VII. NATURE OF SUIT *(PLACE AN x IN ONE BOX ONLY)*

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment Of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [X] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus&Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

## VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? __x__ No ______ Yes

If yes, list case number(s): ______________________

CR



PAID $350 11/5/07 BH RCPT # 144150

ORIGINAL

# CIVIL COVER SHEET
**(Reverse Side)**

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ________ No ___x___ Yes

If yes, list case number(s): 07CV1221-IEG(NLS)

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES THAT APPLY)

- [x] A. Appear to arise from the same or substantially identical transactions, happenings, or events;
- [x] B. Involve the same or substantially the same parties or property;
- [ ] C. Involve the same patent, trademark or copyright;
- [x] D. Call for determination of the same or substantially identical questions of law, or
- [ ] E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides. (Use an additional sheet if necessary)

[ ] CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

[x] CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary).

**NOTE:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER): X** ______________________ **Date** 11-2-07

**NOTICE TO COUNSEL/PARTIES:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical Codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment").

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an **"X"** in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an **"X"** in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an **"X"** in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.

(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked. DO NOT check (5) above.

(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.

*Class Action.* Place an **"X"** in this box if you are filing a class action under Rule 23, F.R.Cv.P.

*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action.

VII. NATURE OF SUIT. Place an **"X"** in the appropriate box. MARK ONE BOX ONLY. If the nature of suit cannot be determined, be sure the description of the cause of action in Section IV above is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause of action fits more than one nature of suit, select the most definitive.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an **"X"** in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144150 - BH**
*** * C O P Y * ***
**November 05, 2007**
**09:52:34**

**Civ Fil Non-Pris**
USAO #.: 07CV2109 CIV. FIL.
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC# 14684

**Total-> $350.00**

FROM: MARCIAL V. U.S.A
CIVIL FILING