Alan K. Nicolette, Esq. State Bar No. 118038
Francis P. Papica, Esq. State Bar No. 158800
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17th Street, Suite 250
Tustin, California 92780
(714) 750-1010
(714) 750-0786 Fax
nsnjlaw@aol.com

Attorneys for Plaintiffs
ALMA YOLANDA MARCIAL,
JAMIE A. GARCIA

RECEIVED
FEB 13 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA YOLANDA MARCIAL, individually; JAIME A. GARCIA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, NEIGHBORHOOD HEALTHCARE, DANIEL HARRISON, M.D., and MOHAMMAD IMANDOUST, M.D.<br><br>Defendants. | CASE NO. 07-CV-2109 JLS (NLS)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION ON THE STATE COURT ACTION PURSUANT TO 28 U.S.C.A. § 1367; DECLARATION OF ALAN K. NICOLETTE<br><br>DATE: April 18, 2008<br><br>TIME: 10:30 AM |

///

///

///



COPY

I

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves a medical malpractice claim brought by the parents of baby Natalie Garcia, who died on May 10, 2005, within few weeks after birth of omphalitis; sepsis and intracranial hemorrhage while under the care of the named defendants including, Neighborhood Healthcare, Daniel Harrison, M.D. and Mohammed Imandoust, M.D.

On or about April 29, 2007, plaintiffs brought NATALIE GARCIA, age 7 days old to the emergency room at Palomar Pomerado Hospital with surrounding redness and hardness surrounding the baby's umbilicus. While at the hospital, baby Natalie was treated by defendants DANIEL HARRISON, M.D., MOHAMAD IMANDOUST, M.D., MARK J. SPIRO, M.D., NABIL FATA YERJI, M.D., BERNADETTE McKINNEY, RN, WENDY LEVIN, RN, SHIELA DOUGLAS, RN., SARA CURTIS, RN and RACHEL A CHRISTIAN, PA-C.

On or about May 10, 2007, baby Natalie expired due to omphalitis; sepsis and intracranial hemorrhage.

Following the death of baby Natalie, Plaintiffs filed a complaint for medical malpractice in the Superior Court of California, County of San Diego on March 28, 2006, case number GIC 863480, naming among others, defendants Harrison and Imandoust. Plaintiffs contend that defendants' acts or omissions in the care and treatment of baby Natalie fell below the standard of care resulting in her untimely death. Defendants Harrison and Imandoust were represented by counsel in the state court who participated during the entire course of litigation in the state court.

During the course of the state court litigation, it was brought to plaintiffs' attention that defendants Drs. Harrison and Imandoust were "employees" of Neighborhood Healthcare, a federally supported health center. Pursuant to subsections (a)(g) of the 42 U.S.C. section 233, Neighborhood Healthcare's employees are deemed employees of the Public Health Service, and the Federal Tort Claims Act

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

("FTCA") provides the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical ... functions" by these employees. Under the FTCA, the exclusive remedy against such employees is a suit against the United States. 28 U.S.C. section2 679(b)(a).

On May 3, 2007, plaintiffs timely filed a government claim under the against Neighborhood Healthcare, Mohammad Imandoust, M.D. and Daniel Harrison, M.D. under the FTCA.

On July 3, 2007, the United States filed a notice of removal indicating that it had been substituted for defendants Daniel Harrison, M.D. and Mohammad Imandoust, M.D. The United States properly removed the action to the Federal District Court.

After removing the action, the United States then moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) on August 2, 2007. The Court found the matter appropriate for decision on the papers without oral argument, pursuant to Local Rule 7.1.(d)(1). In their opposition, plaintiffs urged the Court to stay the action until plaintiffs have filed a new civil action on the exhausted FTCA claim. Plaintiffs further urged the court to exercise supplemental jurisdiction over the state-law claims.

While the motion to dismiss was taken under submission, plaintiffs filed a separate action for professional negligence against the United States, Neighborhood Healthcare and Drs. Harrison and Imandoust following the expiration of the six month period for the federal administrative agency to make a determination on the claim on November 5, 2007. (*See* 07-CV-2109 JLS (NLS) filed November 5, 2007).

On November 26, 2007, the Court granted the United States's motion to dismiss for lack of subject matter jurisdiction and dismissed without prejudice plaintiffs' claim against the United States. The court further remanded the remainder of plaintiffs' claims against the non-federal defendants to San Diego Superior Court . The Court reasoned that "in spite of the interests of judicial economy, Ninth Circuit precedent

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 92780
(714) 750-1010

obligates this Court to deny plaintiffs' request for a stay of this action."

Plaintiffs now file this motion to request the court to exercise its supplementary jurisdiction over the state court case.

## II

## THE COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION WHEN THE FEDERAL CASE AND THE STATE COURT ACTION ARISES FROM THE SAME TRANSACTION

28 U.S.C.A. § 1367(a), provides, in relevant parts:

" ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction *over all other claims that are so related* to claims in the action within such original jurisdiction that they form part of the *same case or controversy* under Article III of the United States Constitution. ..."

Supplemental jurisdiction under 28 U.S.C.A. §1367[1] grants the district courts the authority to exercise subject-matter jurisdiction over state claims when they have jurisdiction over associated federal claims that form part of the same case or controversy. According to the Supreme Court, supplemental jurisdiction serves two functions. First, it permits a single court to dispose of factually interdependent claims. Second, it "enable(s) a court to function more successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees ..." *Kookken v. Guardian Life Ins. Co. of America* (1994) 114, S.Ct. 1637, 511 U.S.375. Simply put, supplemental jurisdiction is the "common sense solution" to avoid a party from going through several forums to obtain relief in any given situation. As court held in *Morrow*

[1]In 1990, Congress codified the long-standing judicial doctrines of pendent and ancillary jurisdiction, giving them the collective name of "supplemental jurisdiction." 28 U.S.C.A. §1367.



LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

*v. District of Columbia*, (C.A. 1969) 417 F.2d 728, 738, "the important policy of having one single expeditious resolution of a dispute has thus led to the doctrine of ancillary jurisdiction and analogous practices of courts." It is a commonsense solution to the problems of piecemeal litigation that would otherwise arise when presented with a federal court case and a state court case arising out of the same facts or controversy. The interests of judicial economy requires the court to exercise supplemental jurisdiction over state claims when they have jurisdiction over associated federal claims that form part of the same case or controversy.[2]

In the instant case, the federal complaint and the state court action arise out of the same case or controversy. Both claims involve a professional negligence action arising out of the care and treatment of baby Natalie Garcia. The court has original subject matter jurisdiction over Drs. Imandoust and Harrison as they are deemed "employees" of the Public Health Service for purposes of the FTCA Accordingly, claims against Dr. Harrison and Dr. Imandoust may be brought exclusively against the United States of America under FTCA. Because Federal Tort Claims Act claim against United States and state-law claims against other defendants arose from the same facts, court has pendent parties supplemental jurisdiction over state-law claims. *See Reed v. Bullock County Hosp.* (D.C.Ala.2004), 350 F.Supp.2d 964, 967.

It is anticipated that the United States may claim that the federal defendants are "marginally involved in the treatment of the plaintiff." Plaintiffs allege otherwise. At the time plaintiff's decedent was admitted at Palomar Pomerado Hospital with redness and hardness surrounding the baby's umbilicus, defendant Harrison was the admitting and treating physician who issued orders, tests and course of treatment for the decedent which plaintiffs contend fell below the standard of care. Decedent

[2]Although the court granted United States' Motion to Dismiss and remanded the remainder of the action to the California Superior Court in Case No. 07CV1221 IEG(NLS), it acknowledge that it did not based on the Ninth Circuit Court's precedent obligating the court to deny plaintiffs' request for a stay of the action "in spite of the interests of judicial economy."



LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

was seen by Dr. Harrison at 17:02 hours on April 29, 2005 and followed-up through 11:01 hours on April 30, 2005. According to the nursing notes, Dr. Imandoust saw the decedent at or about midnight of April 30, 2005. Plaintiffs contend that the care and treatment received by the decedent in the hands of defendant Harrison and Imandoust fell below the standard of care, resulting in the untimely death of the decedent.

It should be noted that although the United States has not participated in any of the state court discovery, defendant Harrison and Imandoust were represented by counsel in the state court who participated in all of the state court discovery. The state court discovery were basically limited to written discovery and no depositions were taken in the state court action in anticipation of the case being transferred to the federal court.

Contrary to defendant's anticipated allegation, this is not a case where the state law claim "predominates" over the claim over which the district court has original jurisdiction.

The "controversy" presented in this case concern whether or not the acts or omissions of all named defendants in both the federal and state court claims fell below the standard of care in the care and treatment of baby Natalie. Not only is there a logical relationship to adjudicate both cases in the same forum but they derive from a common nucleus of operative facts.

In *Green Hills (USA), LLC v. Aaron Streit, Inc.*, (D.C.NY 2005) 361 F.Supp.2d 81, 87-89, the court held that "because federal question claim against defendant and state-law claims against second defendant derived from common nucleus of operative facts, court had pendent parties jurisdiction over claim against the second defendant under §1367(a). Because state-law claims were not complicated or difficult and would not predominate over the federal issues, court exercised its discretion to determine the supplemental claims."

It is without dispute that the values of judicial economy, convenience, fairness and comity will best be served by this court exercising supplemental jurisdiction



LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

over a case that involves the same controversy.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request this Honorable Court to exercise supplemental jurisdiction in the case of *Alma Marcial, et al. vs. Palomar Pomerado Health, et al.*, San Diego Superior Court, Case Number GIC863480 recently remanded back to the state courts.

Dated: February 12, 2008

NORDSTROM, STEELE,
NICOLETTE AND BLYTHE

By:______________________________
Alan K. Nicolette
Francis P. Papica
Attorneys for Plaintiffs
ALMA YOLANDA MARCIAL,
JAMIE A. GARCIA

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

## DECLARATION OF ALAN K. NICOLETTE

I, ALAN K. NICOLETTE, declare as follows:

1. I am an attorney at law duly licensed to practice law in the United States District Court, Southern District of California. I am the attorney of record in this case, and if called upon to testify, could and would do so competently.

2. At all times relevant herein, defendants Imandoust and Harrison were represented by counsel in the state court action. Counsel for defendants participated in all of the written discovery exchanged among the parties named in the action.

3. There has not been an "extensive" discovery in the state court action other than the propounding and responding to written discovery. No depositions were taken in the state court action in anticipation of the parties transferring the case to the federal court.

4. Based on the medical records in this case, defendant Harrison and Imandoust are not "marginal defendants" in the case as one or both of the defendants were extensively involved in the care and treatment of the decedent at Palomar Pomerado Hospital.

5. At the time plaintiff's decedent was admitted at Palomar Pomerado Hospital with redness and hardness surrounding the baby's umbilicus, defendant Harrison was the emergency room physician who issued orders, tests and course of treatment for the decedent which plaintiffs contend fell below the standard of care. Decedent was seen by Dr. Harrison at 17:02 hours on April 29, 2005 and followed-up through 11:01 hours on April 30, 2005. Plaintiffs contend that the care and treatment received by the decedent in the hands of defendant Harrison and Imandoust fell below the standard of care, resulting in the untimely death of the decedent.

6. The "controversy" presented in this case concern whether or not the acts or omissions of all named defendants in both the federal and state court claims fell below the standard of care in the care and treatment of baby Natalie. Not only is

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

there a logical relationship to adjudicate both cases in the same forum but they derive from a common nucleus of operative facts.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 12th day of February, 2008 at Tustin, California.

ALAN K. NICOLETTE

LAW OFFICES
NORDSTROM, STEELE, NICOLETTE AND BLYTHE
17542 E. 17TH STREET
SUITE 250
TUSTIN CALIFORNIA 928780
(714) 750-1010

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 17542 E. 17th Street #250, Tustin, CA 92780-1960.

On February 12, 2008, I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION ON THE STATE COURT ACTION PURSUANT TO 28 U.S.C.A. SECTION 1367; DECLARATION OF ALAN K. NICOLETTE** on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Tustin, California, addressed as follows:

Karen P. Hewitt, Esq.
United States Attorney
CHRISTOPHER B. LATHAM
Assistant U.S. Attorney
State of California Bar No. 160515
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 557-7147
(619) 557-5004 FAX

Executed on February 12, 2008, at Tustin, California.

I declare, under penalty of perjury, that the foregoing is true and correct.

Patricia A. Pallares-Castro