KAREN P. HEWITT
United States Attorney
CHRISTOPHER B. LATHAM
Assistant U.S. Attorney
California State Bar No. 160515
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7147
Facsimile: (619) 557-5004
Email: Christopher.Latham@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA YOLANDA MARCIAL, individually; and JAIME A. GARCIA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,; NEIGHBORHOOD HEALTHCARE; DANIEL HARRISON, M.D.; and MOHAMMAD IMANDOUST, M.D.<br><br>Defendants. | Case No. 07cv2109 JLS (NLS)<br><br>ANSWER TO COMPLAINT<br><br>CTRM: 6<br>JUDGE: Hon. Janis L. Sammartino |

COMES NOW Defendant UNITED STATES OF AMERICA ("Defendant"), by and through its attorneys, Karen P. Hewitt, United States Attorney, and Christopher B. Latham, Assistant United States Attorney, and in answer to Plaintiffs' Complaint ("Complaint") states as follows:

1. Responding to Paragraph 1 of the Complaint, Defendant affirmatively alleges that this Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in Paragraph 1 is denied.

2. Responding to Paragraph 2 of the Complaint, Defendant admits that Neighborhood Healthcare, Daniel Harrison, M.D. and Mohammad Imandoust, M.D. were employees of the Public Health Service for purposes of the Federal Tort Claims Act during the time period at issue in the Complaint. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained therein.

3. Responding to Paragraph 3 of the Complaint, Defendant admits that Daniel Harrison, M.D. and Mohammad Imandoust, M.D. were acting within the scope of their employment at Neighborhood Healthcare with respect to certain of the events alleged in the Complaint. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained therein.

4. Responding to Paragraph 4 of the Complaint, Defendant affirmatively alleges that this Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in Paragraph 4 is denied.

5. Responding to Paragraph 5 of the Complaint, Defendant affirmatively alleges that the Department of Health and Human Services received an administrative claim from Plaintiffs on or about May 4, 2007. That claim was denied on or about March 12, 2008. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained in Paragraph 5.

6. Responding to Paragraph 6 of the Complaint, Defendant affirmatively alleges that this Paragraph contains allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in Paragraph 6 is denied.

7. Responding to Paragraph 7 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

8. Responding to Paragraph 8 of the Complaint, Defendant admits the substantial truth of the allegations contained therein.

9. Responding to Paragraph 9 of the Complaint, Defendant affirmatively alleges that Daniel Harrison, M.D. and Mohammad Imandoust, M.D. are physicians licensed to practice medicine in California. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained in Paragraph 9.

10. Responding to Paragraph 10 of the Complaint, Defendant realleges Paragraphs 1 through 9 of its answers to Paragraphs 1 through 9 of Plaintiffs' Complaint, and by this reference incorporates them herein as though set forth in full.

11. Responding to Paragraph 11 of the Complaint, Defendant affirmatively alleges that Daniel Harrison, M.D. and Mohammad Imandoust, M.D. evaluated and treated Plaintiffs' decedent in April and May 2005. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained therein Responding to Paragraph 11 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

12. Responding to Paragraph 12 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

13. Responding to Paragraph 13 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

14. Responding to Paragraph 14 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

15. Responding to Paragraph 15 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

16. Responding to Paragraph 16 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

17. Responding to Paragraph 17 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

18. Responding to Paragraph 18 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

19. Responding to Paragraph 19 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

20. Responding to Paragraph 20 of the Complaint, Defendant realleges Paragraphs 1 through 19 of its answers to Paragraphs 1 through 19 of Plaintiffs' Complaint, and by this reference incorporates them herein as though set forth in full.

21. Responding to Paragraph 21 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

22. Responding to Paragraph 22 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

## DEFENSES, AFFIRMATIVE DEFENSES AND OTHER MATTERS

As affirmative and other defenses to the allegations of Plaintiffs' Complaint, Defendant states as follows:

1. Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted. There was no negligence of Defendant or any of its agents or employees which was the actual or proximate cause of injury or damages alleged in Plaintiffs' Complaint or otherwise.

2. The Court lacks jurisdiction over the subject matter of this action.

3. Any act or omission of Defendant, its agents or employees was superseded by the acts or omissions of others, which were the sole proximate causes of any injury, damage or loss to Plaintiffs.

4. The acts and omissions of others were intervening, independent and proximate causes of the alleged injuries.

5. The injuries and damages alleged by Plaintiffs were not proximately caused by a negligent or wrongful act or omission on the part of an employee or agent of the United States.

6. The liability of Defendant and responsible parties, named or unnamed, if any, should be apportioned according to their respective degrees of fault, and the liability of Defendant, if any, should be reduced accordingly.

7. Plaintiffs' claims are barred or diminished as a result of Plaintiffs' failure to exercise reasonable care in mitigating their damages.

8. Defendant asserts as an affirmative defense the provisions of Proposition 51, California Civil Code Section 1431.2, providing in part that: "each defendant shall be liable only for the amount of non-economic damages allocated to the defendants in direct proportion to that defendant's percentage of fault...."

9. Plaintiffs' recovery, if any, is limited to the amount of the claim which Plaintiffs presented administratively. 28 U.S.C. § 2675(b).

10. Any injuries sustained by Plaintiffs' decedent were not caused by carelessness or negligence on the part of the Defendant, its agents or employees, but was caused solely by and through the carelessness and negligence of Plaintiffs.

11. Plaintiffs were contributorily negligent.

12. Plaintiffs were comparatively negligent.

13. Plaintiffs alleged only speculative future damages which do not constitute compensable damages.

14. All future damages, if any, must be reduced to present value.

15. Income taxes must be deducted from all alleged past and future lost earnings, if any.

16. In the event Defendant is found liable, which liability Defendant expressly denies, Plaintiffs' general, non-economic damages are limited as set forth in California Civil Code § 3333.2.

17. In the event Defendant is found liable, which liability Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from the United States and its agencies, and from all collateral sources. California Civil Code, § 3333.1.

18. Plaintiffs are not entitled to prejudgment interest under the facts of this case. 28 U.S.C. § 2674.

19. Plaintiffs' request for trial by jury is improper and barred by statute. 28 U.S.C. § 2402.

WHEREFORE, Defendant prays that Plaintiffs take nothing by their Complaint, that Defendant be compensated in full for the costs of suit incurred herein, and for all other relief that the Court deems proper.

DATED: March 24, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Christopher B. Latham

CHRISTOPHER B. LATHAM
Assistant United States Attorney
Attorneys for Defendant
United States of America