KAREN P. HEWITT
United States Attorney
CHRISTOPHER B. LATHAM
Assistant U.S. Attorney
California State Bar No. 160515
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7147
Facsimile: (619) 557-5004
Email: Christopher.Latham@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA YOLANDA MARCIAL, individually; JAIME A. GARCIA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, NEIGHBORHOOD HEALTHCARE, DANIEL HARRISON, M.D., and MOHAMMAD IMANDOUST, M.D.,<br><br>Defendants. | Case No. 07cv2109 JLS (NLS)<br><br>DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE COURT ACTION<br><br>DATE: April 18, 2008<br>TIME: 10:30 a.m.<br>CTRM: 6<br>JUDGE: Hon. Janis L. Sammartino |

Plaintiffs seek improperly to remove and consolidate their related state court action with the case at bar. The United States opposes Plaintiffs' motion because supplemental jurisdiction does not exist in this circumstance, and in any event, does not create independent removal authority. Moreover, the state court action is not removable by the defendants in that case. For these reasons, Plaintiffs' motion should be denied.

I

PROCEDURAL HISTORY

In March 2006, Plaintiffs brought suit in state court alleging medical malpractice and professional negligence on the same facts asserted in the Complaint. In July 2007, the United States[1/] removed the state court action to this court. Because Plaintiffs had not filed an administrative claim with Department of Health and Human Services, on November 26, 2007 the court dismissed the Complaint for lack of subject matter jurisdiction and remanded it to the state court, where it is currently pending. Meanwhile, Plaintiffs submitted an administrative claim in May 2007. On November 5, 2007 they filed the instant case. The United States filed its answer on March 24, 2008. Plaintiffs now seek to have this court exercise supplemental jurisdiction over their entire state court action.

II

ARGUMENT

A. SUPPLEMENTAL JURISDICTION CANNOT BE EXERCISED BECAUSE PLAINTIFFS' STATE CLAIMS ARE NOT BEFORE THIS COURT

The supplemental jurisdiction statute, which codifies the common law doctrines of pendent and ancillary jurisdiction, reads:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C § 1367(a) (emphasis added).

§ 1367(a) distinguishes between claims and actions. A federal court may exercise supplemental jurisdiction over a related state law claim that would not otherwise be within its jurisdiction when such claim is **before the court in the federal action**. In re Estate of Tabas, 879 F.Supp. 464, 467 (E.D. Pa. 1995). Plaintiffs' state court claims against various non-federal parties are not before this court, however. **They are currently pending in state court**. Therefore, this court cannot exercise supplemental jurisdiction over them. Id.

---

[1/] As substituted Defendant for Daniel Harrison, M.D. and Mohammad Imandoust, M.D.

B. THE STATE COURT ACTION IS NOT REMOVABLE BY THE STATE COURT DEFENDANTS

______Removal of cases must meet the requirements of 28 U.S.C. § 1441(a), the removal statute. It provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal plaintiffs may not remove state cases, even their own, and merge them into their pending federal case. To be sure, there is no authority supporting such an unorthodox and novel procedural machination. Rather, the removal statute is strictly interpreted. Exercise of jurisdiction must be declined if there is any doubt as to right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The statute presents another insurmountable hurdle to removal. This court does not have subject matter jurisdiction over the state court case in question. There is not complete diversity of citizenship as between the plaintiffs and the defendants. Even if there were, the time for removal has long since run. The state court case was filed March 28, 2006. Any removal had to be effected within one year at the latest. 28 U.S.C. § 1446(b).[2/] Jurisdiction does not exist for removal of the state court action by the defendants in that case.

C. SUPPLEMENTAL JURISDICTION DOES NOT CREATE INDEPENDENT REMOVAL AUTHORITY

Plaintiffs essentially seek to remove their state court case against third parties to this court. Supplemental jurisdiction, however, does not create an independent source of federal jurisdiction or override § 1441(a)'s removal requirements. McClelland v. Longhitano, 140 F. Supp. 2d 201, 202-03 (N.D.N.Y. 2001). While the Ninth Circuit has not squarely addressed this question, courts in several other circuits have ruled on the issue. See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996); Keene v. Auto Owners Ins. Co., 78 F. Supp. 2d 1270, 1274 (S.D. Ala. 1999); In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995).

---

[2/] § 1446(b)'s 30-day clock has also run. The case was remanded to the state court on November 26, 2007.

Allowing removal of a state court action through the exercise of supplemental jurisdiction would leave the removal statute meaningless. In McClelland, after unsuccessfully attempting to transfer venue in the state case against them, the defendants filed a federal case against the state court plaintiffs. The federal plaintiffs (defendants in the state case) alleged claims similar to their counterclaims pending against the plaintiffs in state court. The federal plaintiffs also filed a notice of removal as defendants in the state case, asserting that the court had supplemental jurisdiction over the state claim because it was related to the federal claim. McClelland, 140 F. Supp. 2d at 202. The McClelland court held that

> [a]lthough Defendants' approach does have the benefit of efficiency and avoids the possibility of inconsistent adjudications of similar, if not identical, issues, their argument incorrectly attempts to turn 28 U.S.C. § 1367(a) into an independent source of removal jurisdiction. If the Court condoned such an approach, the statutory and jurisdiction mandates Congress carefully crafted for removing state cases to federal courts under 28 U.S.C. § 1441 would be rendered a nullity as state court defendants seeking to avoid those mandates and contrive federal jurisdiction could, as here, file an independent federal suit based on similar claims to those contained in the state law suit and then seek to remove the otherwise unremovable state law case to federal court. Such an interpretation of § 1367 would also be in conflict with the well-established rule that "a plaintiff may avoid federal jurisdiction by pleading only state law claims, even when federal claims are also available, and even if there is a federal defense."

Id. at 203.

Similarly, in Estate of Tabas the defendant attempted to invoke supplemental jurisdiction to consolidate a state action with an existing RICO claim in federal court. In re Estate of Tabas, 879 F.Supp. at 467. Although the claims, parties and transactions were similar, the court held that "[t]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action. Although such an approach would have the benefits of efficiency, it runs aground on a close reading of the statute." Id. Simply put, supplemental jurisdiction does not create an independent source of removal jurisdiction. Id.

In the present case, supplemental jurisdiction may not be invoked to bootstrap Plaintiffs' otherwise unremovable state action into federal court. As discussed above, § 1441(a)'s requirements for removal are not satisfied for several reasons. Supplemental jurisdiction is being invoked to contrive federal jurisdiction where it does not exist. By allowing supplemental jurisdiction to remove an unremovable case, § 1367(a) would subsume and render meaningless the Congressionally crafted

protections available to defendants in § 1441. Accordingly, the Plaintiffs cannot circumvent the statutory requirements for removal by employing an overly broad interpretation of supplemental jurisdiction.

III

CONCLUSION

For the reasons stated above stated above, the court should decline to exercise supplemental jurisdiction over Plaintiffs' pending state court action in contravention of § 1441(a)'s requirements.

DATED: April 4, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Christopher B. Latham

CHRISTOPHER B. LATHAM
Assistant United States Attorney
Attorneys for Defendant
United States of America
Email: Christopher.Latham@usdoj.gov