# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA YOLANDA MARCIAL and JAIME A. GARCIA,<br>Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA,<br>Defendant. | CASE NO. 07CV2109 JLS (NLS)<br>**ORDER DENYING PLAINTIFFS' MOTION TO EXERCISE SUPPLEMENTAL JURISDICTION**<br>(Doc. No. 10) |

On March 28, 2006, Alma Yolanda Marcial and Jaime A. Garcia ("plaintiffs"), parents of the deceased Natalie Garcia, filed an action for professional negligence in San Diego County Superior Court. The United States removed that action to this Court on July 3, 2007.[1] (See Case No. 07cv1221 JLS (NLS).) Because plaintiffs had not satisfied the Federal Tort Claims Act's ("FTCA") exhaustion requirements before filing suit, this Court granted the United States' motion to dismiss for lack of subject matter jurisdiction. Without jurisdiction, the Court was compelled to remand the remaining state-law claims against non-federal defendants back to Superior Court.

After exhausting their administrative remedies, plaintiffs filed the present action, which is a professional negligence case against the United States; Neighborhood Healthcare; Daniel

[1] The case was removable because some of the physician defendants were deemed employees of the Public Health Service, and, pursuant to the Federal Tort Claims Act, the exclusive remedy against such employees is a suit against the United States.

Harrison, M.D.; and Mohammad Imandoust, M.D.[2] Plaintiffs now seek to bring their remanded state-court action back into this Court by way of the present motion to exercise supplemental jurisdiction. Plaintiffs filed this motion on February 14, 2008. (Doc. No. 10.) Defendant filed its opposition on April 4, 2008. (Doc. No. 22.) Plaintiffs did not file a reply. The Court finds the matter appropriate for disposition on the papers without oral argument, pursuant to Civil Local Rule 7.1(d)(1).

Plaintiffs argue for the exercise of supplemental jurisdiction because the state action arises from the same underlying facts as the federal complaint, i.e., professional negligence in the treatment of Natalie Garcia. The parties have allegedly limited their discovery in the state action because they anticipated a transfer back to this Court. This Court's assumption of jurisdiction would, according to plaintiffs, serve the policies of judicial economy and uniformity of resolution that underline the concept of supplemental jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994); Morrow v. Dist. of Columbia, 417 F.2d 728, 738 (D.C. Cir. 1969).

The Courts find that plaintiffs have misconstrued the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which reads in relevant part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The statute distinguishes between claims and actions. The statute permits—and the cases cited by plaintiffs consider—the exercise of supplemental jurisdiction of state-law claims pled in the same complaint as a separate cause of action (e.g., a claim arising under federal law) falling within the district court's original jurisdiction. See Green Hills (USA), L.L.C. v. Aaron Streit, Inc., 361 F. Supp. 2d 81, 87-89 (E.D.N.Y. 2005); Reed v. Bullock County Hosp., 350 F. Supp. 2d 964, 967 (M.D. Ala. 2004). By contrast, the plaintiffs here are asking the Court to exercise supplemental

---

[2] On April 14, 2008, the Court ordered the substitution of the United States for the three other defendants in the case, pursuant to FTCA provisions allowing an action against the United States as plaintiffs' exclusive remedy. The case was, therefore, dismissed as to Neighborhood Healthcare and Drs. Harrison and Imandoust.

jurisdiction over an entirely separate action proceeding in a different court. The law does not extend supplemental jurisdiction to encompass this scenario. "While this [supplemental jurisdiction] statute does allow factually related state claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions." Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir. 2003). Or, as stated by another district court, "[a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action." In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995); accord In re Pac. Gas & Elec. Co., 281 B.R. 1, 12 (Bkrtcy. N.D. Cal. 2002).

To the extent that plaintiffs intend this motion as a notice of removal of the state-court action, plaintiffs fail to satisfy the requirements of the removal statute. Setting aside the fact that the statute's plain language allows removal only by a defendant, the removed action must be one "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Plaintiffs have now had two opportunities to explain why this Court has federal-question or diversity jurisdiction over plaintiffs' state case: the opposition to the motion to dismiss case number 07cv1221 for lack of subject matter jurisdiction, and the present motion to exercise supplemental jurisdiction. Plaintiff has made no showing of "original jurisdiction". And, the law is well-established that supplemental jurisdiction does not satisfy the requirement of "original jurisdiction" as that term appears in the removal statute. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002); Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996); Motion Control Corp., 354 F.3d at 706; McClelland v. Longhitano, 140 F. Supp. 2d 201, 203-04 (N.D.N.Y. 2001); Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc., 927 F. Supp. 1098, 1101-02 (N.D. Ind. 1995). In short, the Court has no legal authority to permit plaintiffs to remove the state-court action.

//

//

//

//

Because plaintiffs ask this Court to assume jurisdiction over a separate state-court action, and because supplemental jurisdiction is an inadequate basis for removal, the Court **DENIES** plaintiffs' motion to exercise supplemental jurisdiction.

IT IS SO ORDERED.

DATED: August 5, 2008

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge